## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **ALAN GROCHOWSKI, SR,** individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION** |
| *Plaintiff,* | **DEMAND FOR JURY TRIAL** |
| *v.* | |
| **INTEGRITY REALTY OF FLORIDA, LLC** | |
| *Defendant.* | |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Alan Grochowski, Sr. ("Plaintiff" or "Mr. Grochowski") brings this Class Action Complaint and Demand for Jury Trial against Integrity Realty of Florida, LLC ("Defendant" or "Integrity") to stop the Defendant from violating the Florida Telephone Solicitation Act ("FTSA") and Telephone Consumer Protection Act ("TCPA") by making telemarketing calls without consent to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). The Plaintiff also alleges that Defendant violated the FTSA by making automated calls to Florida residents.

Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other

matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.      Plaintiff Alan Grochowski, Sr. is an individual.

2.      Defendant Integrity Realty of Florida, LLC is a Florida limited liability company located in this District.

## JURISDICTION AND VENUE

3.      The Court has federal question jurisdiction because this matter arises under the TCPA, a federal statute. The Court also has supplemental jurisdiction because the FTSA claim relates to the same telemarketing campaign as the TCPA.

4.      The venue is proper under 28 U.S.C. § 1391(b) because the Defendant resides and made the calls at issue from this District.

## BACKGROUND

The Florida Telephone Solicitations Act

5.      The FTSA, Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

6.      It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone appears in the then-

current quarterly listing published by the department." This includes to a number listed on the National Do Not Call Registry. Fla. Stat. § 501.059(4)

7.      It is also a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

8.      A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

9.      Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

The National Do Not Call Registry

10.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

11.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## COMMON ALLEGATIONS

13.     Defendant Integrity Realty is in the business of offering real estate related services, including acting as an agent with insurance companies regarding storm damage and roof repairs for a fee.

14.     To promote its goods, Defendant Integrity makes telemarketing calls to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do Not Call Registry and Florida's no sales solicitation list.

## PLAINTIFF GROCHOWSKI'S ALLEGATIONS

15.     Plaintiff Grochowski is the subscriber and the sole user of the cellular phone number 603-xxx-2001.

16.     Plaintiff Grochowski registered his phone number on the Do Not Call Registry on July 1, 2003.

17.     That is a residential number that the Plaintiff uses for personal calls and is not associated with a business.

18.     The Plaintiff has never consented to receive telemarketing calls from the Defendant.

19.     Despite that, the Defendant sent at least three texts to the Plaintiff.

20.     Two texts were on October 6 and another one was on October 8, 2022.

21.     All text messages were sent from the same Caller ID, (239) 232-2188.

22.     The text messages are below:

<u>October 6</u>



Hello Alan, I hope you are managing as best as possible after Hurricane Ian... My Name is Jordan Musumano and I am local swfl broker / home builder. I'm offering my service to the my community to see if I can be of assistance.



We handle anything roof related, we even deal with the insurance companies on your behalf, tree service, water restoration, lanais and so much more. Did you suffer any damage to your home from this last storm? Let me know how I can be of service.

God Bless
Reply UNSUB to unsubscribe



October 8



Hi Alan, just checking in to see if you got my last text message. Let me know if you have any damages that I can assist you with from Hurricane Ian. Let me know.

God Bless!
Reply UNSUB to unsubscribe

10:49 AM

5:14 PM    **Stop**

23.    Prior to the filing of this lawsuit, the Plaintiff contacted Integrity regarding the automated texts.

24.    The Plaintiff received a response through counsel, which did not assert that there was any written consent to make such calls.

25.    Instead, Integrity claims that it gets a listing "automatically" from any property that is listed as "For Sale by Owner".

26.    It then sends them automated text messages.

27.    However, the Plaintiff hadn't listed a property for sale in more than a year.

28.    Moreover, the text messages weren't about the sale of property.

29.    The calls were sent with an automated system for the selection or dialing of telephone numbers as the texts were generic and included an ability to send an automated response to unsubscribe.

30.    It would be inefficient and unlikely for a text message sender to do this if the text sent was being sent by an individual as opposed to through an *en masse* platform.

31.    Indeed, Integrity confirms that it has an automated function to generate contacts for advertising, which it then presumably sends from a list.

32.    The unauthorized telephonic sales calls that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance,

nuisance, and invasion of privacy, and occupied and otherwise disturbed the use and enjoyment of his phone.

33.     Seeking redress for these injuries, Plaintiff Grochowski, on behalf of himself and Classes of similarly situated individuals, brings suit under the FTSA and TCPA.

## CLASS ALLEGATIONS

34.     Pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), the Plaintiff brings this action on behalf of the following putative classes (the "Class"):

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S. (1) who received a telephonic sales call regarding Defendant's goods and/or services (2) using the same equipment or type of equipment utilized to call Plaintiff (3) from July 1, 2021 through the date of trial.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the U.S. (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days (2) but who received more than one telemarketing call from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

35.    Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

36.    Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

## Numerosity

37.    Members of the Class are so numerous that their individual joinder is impracticable.

38.    On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

39.    The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

40.    Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

41.    Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

42.    Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act or Florida

Telephone Solicitation Act, and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

## Typicality

43.     The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

## Adequacy of Representation

44.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

45.     The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

## Superiority

46.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

47.     Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

48.     Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

49.     Individualized litigation also presents a potential for inconsistent or contradictory judgments.

50.     In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

51.     Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

<u>**COUNT I**</u>
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial**
**Class**

52.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 51as if fully set forth herein.

53.     Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

54.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or

dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

55.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

56.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

57.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

58.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

59.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a

minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

60.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

61.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

62.     The Defendant's violations were negligent, willful, or knowing.

63.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

64.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to

numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from using an autodialer to advertise their goods or services;

B.      A judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

DATED this 28th day of November, 2022.

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881